IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TARVARES KING                                                                                                     PLAINTIFF

v.                                                                 CIVIL ACTION NO. 3:23-CV-393-SA-RP

VOLVO GROUP TRUCKS CDC, *et al.*                                             DEFENDANTS

ORDER AND MEMORANDUM OPINION

On October 17, 2023, Tarvares King, who is proceeding *pro se*, initiated this lawsuit by filing his Complaint [1] against Volvo Group Trucks CDC ("Volvo), Lee Isabela, Lillian Glover, Elisa White, and Rhonda Rogers.[1] On December 19, 2023, the Defendants filed a Motion to Dismiss [21]. King has not responded to the Motion [21], but the time to do so has long passed. The Court is prepared to rule.

*Relevant Background*

The Court is privy to limited information regarding this dispute. Piecing together information from the Complaint [1], King was previously employed with Volvo but was terminated on March 4, 2021.

King completed a form "Complaint for Employment Discrimination" and, as indicated above, filed it on October 17, 2023. In the "Cause of Action" section, he asserts that the lawsuit is brought based upon "union affiliation." [1] at p. 3. He selected the following claims: termination of employment, terms and conditions of employment differing from those of similar employees, retaliation, and harassment. In the "Facts" section, he alleges that "Lee Isabela made [a] comment about me being too young to know how things work with the company and union[.]" [1] at p. 4. He provides no other factual allegations anywhere in the filing. He requests the following relief:

---

[1] In his Complaint [1], King incorrectly identified Rhonda Rogers as Rhonda Atkins. Rogers is now correctly identified on the docket.

"monetary for years of service and duration of contract, [lost] wages for termination and pain [and suffering]." *Id*.

In their Motion [21], the Defendants raise multiple arguments in favor of dismissal.

*Analysis and Discussion*

At the outset of its analysis, the Court again notes that King has not responded to the Defendants' Motion [21]. His deadline to do so was fourteen days after the filing of the Motion [21] or, in this instance, January 2, 2024. *See* L. U. Civ. R. 7(b)(4). Although King is proceeding *pro se* and therefore entitled to *some* leniency, he still must comply with the applicable Rules. *See, e.g.*, *Miller v. Tower Loan of Miss., LLC*, 2022 WL 3093292, at *2 (N.D. Miss. Aug. 3, 2022) ("[A] litigant's *pro se* status does not negate the duty to comply with general rules of litigation."); *see also Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022); *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002).

Nonetheless, because the present Motion [21] is dispositive in nature, the Court will not grant it as unopposed but will instead consider it on the merits—without the benefit of a response. *See* L. U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, *other than a dispositive motion*, within the time allotted, the court may grant the motion as unopposed.") (emphasis added).

The Defendants raise multiple arguments for dismissal: (1) that the Court does not have jurisdiction over any claims pursuant to the National Labor Relations Act; (2) that the Complaint [1] does not state a claim against the individual Defendants; and (3) that the Complaint [1] otherwise fails to state a claim for relief against Volvo.

The Court begins with the Defendants' argument as to lack of jurisdiction. The Defendants contend that King's claims fail because they are asserted pursuant to the National Labor Relations

2

Act and therefore must be pursued before the National Labor Relations Board—not this Court. This argument stems from King listing "union affiliation" as his cause of action.

"Section 8(a)(3) of the [National Labor Relations] Act provides that it shall be an unfair labor practice for an employer 'by discrimination in regard to hire or tenure of employment or any term or condition of employment, to encourage or discourage membership in any labor organization.'" *Tellepsen Pipeline Servs. Co. v. NLRB*, 320 F.3d 554, 565 (5th Cir. 2003) (quoting 29 U.S.C. § 158(a)(3)). "Ordinarily allegations of unfair labor practices . . . fall within the *exclusive* jurisdiction of the NLRB." *Sheet Metal Workers Local Union No. 54, AFL-CIO v. E.F. Etie Sheet Metal Co.*, 1 F.3d 1464, 1475 n. 12 (5th Cir. 1993) (emphasis added). The Fifth Circuit has reiterated this point on multiple occasions. *See Wells v. General Motors Corp.*, 881 F.2d 166, 169 (5th Cir. 1989) ("Congress vested exclusive jurisdiction in the NLRB over conduct that is 'arguably protected or arguably prohibited' by sections 7 and 8 of the NLRA."); *Hobbs v. Hawkins*, 968 F.2d 471, 478-79 (5th Cir. 1992) ("The [NLRB] has exclusive jurisdiction to prevent and remedy unfair labor practices by employers and unions.").

In the case *sub judice*, the Court is, to some extent, in a difficult position. As noted above, King selected only "union affiliation" as his Cause of Action, and the only factual allegations in the entire Complaint [1] are as follows: "Lee Isabela made [a] comment about me being too young to know how things work with the company and union[.]" [1] at p. 4. Perhaps King intended to assert some other cause of action or assert additional facts. However, all that the Court has before it is a Complaint [1] apparently based upon violations of the NLRA. Consistent with the above-referenced authorities, this Court lacks jurisdiction to remedy King's grievance.

*Conclusion*

For the reasons set forth above, the Defendants' Motion to Dismiss [21] is GRANTED. King's claims are dismissed *without prejudice* for lack of jurisdiction. This CASE is CLOSED.

SO ORDERED, this the 15th day of April, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE